UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action File |
| v. | No. 1:15-cv-08867-JBS-KMW |
| ALESSIO AZZARI INC., ARTHUR AZZARI, ALEX AZZARI, JOHN AZZARI & THE ALESSIO AZZARI INC. PREVAILING WAGE PLAN, | **CONSENT JUDGMENT** |
| Defendants. | |

---

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary") and the Defendants ALESSIO AZZARI INC., ARTHUR AZZARI, ALEX AZZARI, JOHN AZZARI & THE ALESSIO AZZARI INC. PREVAILING WAGE PLAN (hereafter "Defendants") agree to the entry of this Consent Judgment as a complete resolution of all issues in contention between them in this matter.

This action was filed by the Secretary pursuant to Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and by the authority vested in him by ERISA § 502(a)(2) and (5) against Defendants Alessio Azzari Inc., Arthur Azzari, Alex Azzari, and John Azzari for breaches of fiduciary duty under ERISA §§ 403, 404, 406, 29 U.S.C. §§ 1024, 1103, 1104, 1106 and against Defendant Alessio Azzari Inc. for breaches of ERISA § 104, 29 U.S.C. § 1024 (collectively, the "Defendants").

The Secretary named the Alessio Azzari Inc. Prevailing Wage Plan (the "Plan") as a defendant for the purpose of ensuring complete relief among the parties under Rule 19 of the Federal Rules of Civil Procedure.

1

By entering into this Consent Judgment, Defendants neither admit nor deny the allegations in the Complaint but stipulate to each of the terms set forth below:

## JURISDICTION, VENUE, AND PARTIES

1. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

2. Venue with respect to this action lies in the District of New Jersey pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. The Court has personal jurisdiction over Defendants and the Plan for purposes relevant to this matter including the entry of this Consent Judgment pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1).

## PARTIES

4. The Secretary, pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), has authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and other parties who are in violation of ERISA.

5. At all relevant times, the Plan was an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

6. At all relevant times, Defendant Alessio Azzari Inc. (the "Company"), located at 417 Southgate Court, Swedesboro, New Jersey 08056, was an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(3).

7. At all relevant times, the Company was the Plan's administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A) and therefore a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). The Company was also a party in

interest with respect to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

8. At all relevant times, Defendants Arthur Azzari, Alex Azzari, and John Azzari were corporate officials of the Company

9. At all relevant times, Defendants Arthur Azzari, Alex Azzari, and John Azzari (the "Trustees") were trustees of the Plan and were therefore fiduciaries to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Defendants Arthur Azzari, Alex Azzari, and John Azzari were also parties in interest with respect to the Plan within the meaning of ERISA § 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).

## STATEMENT OF FACTS

10. The Company established the Plan on January 1, 1999.

11. The Plan is funded from Company contributions that are determined by the Davis-Bacon Act or any other federal, state, or municipal prevailing wage contracts.

12. During the time period January 1, 2010 through December 31, 2013, the Company did not provide contributions due and owing to the Plan.

13. As a result, the Plan is owed $43,434.40 in outstanding contributions and an additional $7,723.91 in lost opportunity costs.

## THE SECRETARY'S ALLEGATIONS

14. The complaint alleges that by failing to provide contributions due and owing to the Plan, the Trustees breached their fiduciary duties under ERISA as set forth below:

### Alleged Violations of ERISA § 403

   a. The Trustees failed to hold all Plan assets in trust in violation of ERISA § 403(a), 29 U.S.C. § 1103(a).

b. The Trustees caused Plan assets to inure to the benefit of the Company and failed to hold Plan assets for the exclusive purposes of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of administering the Plan in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

**Alleged Violations of ERISA § 406(a)**

a. The Trustees caused the Plan to engage in a transaction which constituted the direct or indirect lending of money or other extension of credit between the Plan and the Company, a party in interest under ERISA § 3(14)(A) and (C), in violation of ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B).

b. The Trustees caused the Plan to engage in a transaction which constituted the direct or indirect transfer of Plan assets to the Company, and use by and for the benefit of the Company, a party in interest under ERISA § 3(14)(A) and (C), in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

**Alleged Violations of ERISA § 406(b)**

a. The Trustees dealt with the assets of the Plan in their own interest and/or for their own account in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

b. The Trustees acted in a transaction involving the Plan on behalf of the Company whose interests are adverse to the interests of the Plan, and the interests of the Plan's participants and beneficiaries, and for whom the Trustees have an interest which may affect the exercise of their best judgment as a fiduciaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

**Alleged Violations of ERISA § 404**

a. By authorizing the transaction between the Plan and the Company, in violation of ERISA § 406, the Trustees failed to discharge their duties with respect to the Plan solely in the interest of the Plan's participants and beneficiaries (1) for the exclusive purpose of providing benefits to the participants and their beneficiaries; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent man would have used; and (3) in accordance with the documents and instruments governing the plan in violation of ERISA § 404(a)(1)(A), (B), and (D), 29 U.S.C. § 1104(a)(1)(A), (B), and (D).

**Alleged Violations of ERISA § 104(a)**

a. The Company failed to file with the Secretary annual reports for 2009, 2010, and 2011 within 210 days after the close of each of those years in violation of ERISA § 104(a)(1), 29 U.S.C. § 1024(a)(1).

## ORDER

The Secretary and Defendants have agreed to resolve all remaining matters in controversy in this action and consent to the entry of this Consent Judgment by this Court.

Upon due consideration of the record herein, and as agreed to by the Secretary and Defendants, the Court finds that it has jurisdiction to enter this Consent Judgment.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants are permanently enjoined and restrained from engaging in any further action in violation of Title I of ERISA.

2. The Trustees agree to pay or cause to be a paid the total settlement amount of $51,158.31 to the Plan.

3. Defendants agree to make the total settlement amount in 36 monthly installments, with 35 monthly payments of $1,421.06 and 1 monthly payment of $1,421.21. The due dates of the monthly installments are set forth on Exhibit A, attached hereto.

4. Within 10 days after entry of judgment, Defendants will make the first installment payment.

5. Simultaneously with making each payment pursuant to Paragraphs 2 through 4, Defendants shall provide proof of payment to the Secretary at the following address:

> United States Department of Labor
> Employee Benefits Security Administration
> Attn: Regional Director
> 170 S Independence Mall West, Suite 870 West
> Philadelphia, PA 19106-3317

6. Should Defendants fail to pay any of the installment payments described in Paragraphs 2 through 5 above on or before the dates set forth therein, the entire amount of the balance remaining shall become due and payable immediately by them together with post-judgment

interest pursuant to 28 U.S.C. §1961 with no further notice or demand required by plaintiff to Defendants.

7. Defendants agree that the total settlement amount and any interest that may become payable under paragraph 6 above will be the "applicable recovery amount" for the purposes of ERISA § 502(l), 29 U.S.C. § 1132(l). Defendants agree to pay any penalty assessed by the Department of Labor ("DOL") pursuant to ERISA §502(l), 29 U.S.C. §1132(l) except to the extent any of them seeks and is granted a waiver as a result of financial hardship pursuant to ERISA §502(l)(3)(A) or (B) in the Secretary's sole discretion, and Defendants agree to waive any other defenses or appeals if any such financial hardship waiver is denied or if he or she fails to seek said waiver within the time set forth in the assessment letter; and this document or a copy thereof can be used as evidence of his or her waiver of further defenses or appeals pursuant to ERISA §502(l).

8. Each party shall bear its own costs and fees incurred in the course of litigation. Defendants waive any and all claims arising under the Equal Access to Just Act, Pub. L. No. 96-481 (1980), re-enacted at Pub. L. No. 99-80 (1985), and amended at Pub. L. No. 104-121 (1996).

9. The Consent Judgment does not affect or bind any governmental agency excluding the U.S. Department of Labor.

10. This Court retains jurisdiction for all purposes in connection with this action and this Consent Judgment.

11. This Consent Judgment is a full and final resolution of all claims that have been asserted in this action.

12. This Consent Judgment may be executed in counterparts by facsimile or e-mail, each of which shall be deemed to be an original, but all of which, if taken together, shall constitute the same instrument.

DATED:  November 10, 2015
        New York, NY

JEFFREY S. ROGOFF
Regional Solicitor

By:

_____ 1/20/2015
ORLY SHOHAM
Attorney
Attorney ID No. OS6254
*Attorneys for the Secretary of Labor*

United States Department of Labor
Office of the Regional Solicitor
New York, New York 10014
646-264-3656
Shoham.Orly@dol.gov
Ny-sol-ecf@dol.gov

_____ 11/10/2015
A. JOHN FALCIANI
A. John Falciani Law Offices
39 S. Broad St. #4
Woodbury, New Jersey 08096
(856) 845-8333
johnfalciani@falcianilaw.com

*Attorney for Defendants*

IT IS SO ORDERED:

December 30, 2015                               s/ Jerome B. Simandle
_____                             _____
Date                                            JEROME B. SIMANDLE
                                                Chief U.S. District Judge

# EXHIBIT A

| | |
|---|---|
| 12/1/2015 | $1,421.06 |
| 1/2/2016 | $1,421.06 |
| 2/1/2016 | $1,421.06 |
| 3/1/2016 | $1,421.06 |
| 4/1/2016 | $1,421.06 |
| 5/1/2016 | $1,421.06 |
| 6/1/2016 | $1,421.06 |
| 7/1/2016 | $1,421.06 |
| 8/1/2016 | $1,421.06 |
| 9/1/2016 | $1,421.06 |
| 10/1/2016 | $1,421.06 |
| 11/1/2016 | $1,421.06 |
| 12/1/2016 | $1,421.06 |
| 1/1/2017 | $1,421.06 |
| 2/1/2017 | $1,421.06 |
| 3/1/2017 | $1,421.06 |
| 4/1/2017 | $1,421.06 |
| 5/1/2017 | $1,421.06 |
| 6/1/2017 | $1,421.06 |
| 7/1/2017 | $1,421.06 |
| 8/1/2017 | $1,421.06 |
| 9/1/2017 | $1,421.06 |
| 10/1/2017 | $1,421.06 |
| 11/1/2017 | $1,421.06 |
| 12/1/2017 | $1,421.06 |
| 1/1/2018 | $1,421.06 |
| 2/1/2018 | $1,421.06 |
| 3/1/2018 | $1,421.06 |
| 4/1/2018 | $1,421.06 |
| 5/1/2018 | $1,421.06 |
| 6/1/2018 | $1,421.06 |
| 7/1/2018 | $1,421.06 |
| 8/1/2018 | $1,421.06 |
| 9/1/2018 | $1,421.06 |
| 10/1/2018 | $1,421.06 |
| 11/1/2018 | $1,421.21 |
| TOTAL AMOUNT | $51,158.31 |